UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHALAE SEALEY,<br><br>   Plaintiff,<br><br> v.<br><br>CHASE BANK (U.S.A.), N.A.,<br><br>   Defendant. | Case No. 19-cv-07710-JST<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: ECF No. 20 |

Before the Court is Defendant Chase Bank's ("Chase") motion to stay. ECF No. 20. The Court will grant the motion.

## I. BACKGROUND

On November 22, 2019, Plaintiff Michalae Sealey filed her Complaint, asserting one cause of action under the Telephone Consumer Protection Act ("TCPA"), 48 U.S.C. § 227. ECF No. 23 ¶¶ 20-27. The TCPA prohibits companies from using an automatic telephone dialing system ("ATDS") to make calls without the recipient's consent. Sealey alleges that Chase used an ATDS to call "her cellular telephone multiple times seeking to speak with a third party." *Id.* ¶¶ 13-14. Sealey alleges that the calls "were not made for 'emergency purposes,'" and that the calls continued even after she told a Chase representative to stop the calls. *Id.* ¶¶ 15-17.

Chase now moves to stay this case pending the Supreme Court's review of *Duguid v. Facebook, Inc.*, 925 F.3d 1146 (9th Cir. 2019), *cert. granted in part*, 2020 WL 3865252 (U.S. July 9, 2020) (No. 19-511) ("*Duguid*"). ECF No. 20. Sealey opposed the motion, ECF No. 24, and Chase has replied, ECF No. 25.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV.   DISCUSSION

Chase argues there is good cause to stay this case because Sealey's one cause of action turns on whether Chase used an ATDS. ECF No. 20 at 3. Because *Duguid* will address the scope and meaning of an ATDS under the TCPA, Chase contends, that decision will impact the scope of discovery in this case, what legal issues will remain, and whether Sealey will pursue the action. *Id.* at 9. Chase also asserts that Sealey will not be prejudiced by a stay because she does not allege an ongoing injury, little discovery has been conducted at this point, and the delay would be limited. *Id.* at 7-9.

Sealey responds that Chase has not overcome the presumption against a stay. ECF No. 24 at 4. She asserts that a stay would be unjust, and be against the Court's interest in judicial economy, because it would be "indefinite" and risk the dissipation of evidence. *Id.* at 4-7. Sealey also points to several decisions that have denied a stay pending *Duguid*. *Id.* at 4-6.

The Court finds good cause to stay this case pending resolution of *Duguid*.

The cases Sealey relies on that have denied stays pending *Duguid* have either held that *Duguid* would not significantly impact the outcome of the proceedings or have involved issues that would require discovery regardless of the *Duguid*'s outcome. *See Komaiko v. Baker Techs., Inc.*, 19-cv-03795-DMR, 2020 WL 5104041, at *4 (N.D. Cal. Aug. 11, 2020) (denying motion to stay, but restricting discovery, where defendant had "not adequately explained how the outcome in *Duguid* is likely to have a significant impact" on the case); *Smith v. JPMorgan Chase Bank, N.A.*, 20-CV-01777-CBM-(PJWx), 2020 U.S. WL 5033532, at *2 (C.D. Cal. Aug. 21, 2020) (denying motion to stay where "a motion to amend the complaint to allege causes of action outside the scope of the *Duguid* decision [was] pending"); *Lacy v. Comcast Cable Commc'ns., LLC*, 19-CV-05007-RBL, 2020 WL 4698646, at *2 (W.D. Wash. Aug. 13, 2020) (denying motion to stay where "discovery [would] need to take place regarding," among other things, "whether Comcast called Lacy and other potential class members using a pre-recorded voice," but holding that "Comcast should be spared from ATDS-related discovery" until *Duguid* is decided); *Williams v. PillPack LLC*, 2020 U.S. Dist. LEXIS 153136, (W.D. Wash. Aug. 13, 2020) (relying on *Lacy* to deny motion to stay where parties agreed that claims involving the use of a pre-recorded voice would not be affected by *Duguid*).

Here, the only claim Sealey asserts against Chase is the use of an ATDS in violation of the TCPA. The potential impact of *Duguid* on this action distinguishes this case from those that have denied a stay pending *Duguid*, as well as from cases in which this Court has denied a stay in other proceedings. *See also Glick v. Performant Fin. Corp.*, No. 16-cv-05461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) ("Defendant will still be required to produce discovery to settle the factual disputes regarding its autodialing technology no matter the results from the appeals or the Petition."); *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) ("The parties are now engaged in discovery and, as this Court has previously noted, 'discovery in this case will be required regardless of the outcome in [the other pending case].'"). Sealey notes that the outcome of *Duguid* "only might support [Chase's] position," but does not dispute that *Duguid*, however it is decided, will affect the central issue of

1    this case.  ECF No. 24 at 8.  Sealey instead focuses her opposition on the length of the stay and the
2    risk that witnesses' memories could fade or evidence could dissipate.

3          The relative hardships also weigh in favor of a stay.  It is true that, standing alone, the
4    desire to avoid "costs of further litigation" does not establish hardship or inequity on behalf of a
5    party seeking a stay.  *Glick*, 2017 WL 786923, at *2.  However, as explained above, the orderly
6    course of justice dictates that *Duguid* should be decided first, as that case addresses the central
7    question at issue here.  In addition, Sealey does not allege an ongoing injury, and the risk of harm
8    to Sealey is small considering the likely length of the stay and the fact that Chase is "now aware of
9    its obligations and should have already instituted a litigation hold to preserve documents that may
10   be relevant to this litigation."  *Canady v. Bridgecrest Acceptance Corp.*, CV-19-04738-PHX-DWL,
11   2020 WL 5249263, at *3-4 (D. Ariz. Sept. 3, 2020) (internal citation, quotation marks, and
12   alteration omitted).  Finally, oral arguments in *Duguid* have been scheduled for December 8, 2020.
13   ECF No. 25 at 4 (citing Amy Howe, *Justices Release December Calendar*, SCOTUSblog (Sept.
14   16, 2020), https://www.scotusblog.com/2020/09/justices-release-december-calendar/).  Because
15   the Supreme Court "will resolve [*Duguid*] in its next term, and the stay will have a finite
16   duration," the potential damage of the stay is minimized.  *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW,
17   2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015).

## CONCLUSION

For the above reasons, Chase's motion to stay is granted.  This case is stayed pending the Supreme Court's resolution of *Facebook, Inc. v. Duguid et al.*, No. 19-511.  The parties shall file a notice with this Court when the Supreme Court issues its ruling, or otherwise disposes of *Duguid*.  The Court shall set a case management conference upon receipt of that notice.

**IT IS SO ORDERED.**

Dated:  September 29, 2020

_____
JON S. TIGAR
United States District Judge